FISK vs ARNOLD et al.

Opinion delivered Sept. 26, 1907.

(104 S. W. Rep. 824).

1.  *Pleading—Denial—Admission.*
      It is deemed that matter pleaded as an affirmative defense, has been
        admitted, when no reply is made to deny it.
2.  *Indian Lands—Actions.*
      Plaintiff, a Choctaw Indian, could not recover land for which she
        sued, claiming that defendants were her tenants where she failed
        to deny defendant's allegations that she, plaintiff, was holding all
        the land permissible, exclusive of the land in question; that her
        holding of such land was prohibited, it having been segregated
        from allotment and classified as mineral land.
3.  *Unlawful Detainer—Action.*
      In an action of unlawful detainer, plaintiff is required to recover on
        his right of possession and not on the lack of the right of his opponent.
4.  *Same—Proof.*
      It falls to the plaintiff in unlawful detainer to prove that she is entitled
        by law to recover the land from the defendants; defendants are
        not required to show proof until plaintiff's evidence becomes strong
        enough to force them to take up the defense with proofs.

Error to the United States Court for the Central District of the Indian Territory; before Justice W. H. H. Clayton, January 12, 1906.

Action by Juanita Fisk against Leo Arnold and another. From a judgment for defendants, plaintiff brings error. Affirmed.

*J. S. Asnote,* for plaintiff in error.

*Wallace Wilkinson,* for defendants in error.

LAWRENCE, J. Plaintiff in error began an action to recover possession of a 75-acre tract of land situate in the Choctaw Nation, alleged to be wrongfully detained from her by the defendants in error holding same as her tenants. In her complaint she alleges that she is a citizen and member of the Choctaw Tribe of Indians; that in 1904 she was the owner of certain improvements on the land in question, and upon said date one Thomas Myers occupied same as her tenant; that he sublet to the defendants, and thereby they became her tenants; and that this tenancy terminated December 31, 1904, and afterward she duly served them with notice to quit. Defendants answered, denying all the material allegations of the complaint, excepting that they admit she is a Choctaw Indian and is holding all the land which she is entitled, under the statute, to hold; and, further, that the land in question is segregated land and not subject to allotment. Further answering they say that in November, 1902, said Myers and one Towry made a contract by which Myers was to improve the land, then part of the public domain, and in consideration thereof Myers should hold possession of said land for five years. Thereunder Myers placed improvements thereon of the value of $600, and in October, 1904, he sold his improvements and delivered possession to defendants. General demurrers to both pleadings were filed by the respective parties, which were overruled by the court. Plaintiff replied to the answer, and by way of affirmative statement alleged that in fact the said land belonged

to her at the time of the making of the contract between Myers
and Towry; that Towry was then her husband, and he assigned
all his interest therein to her July 27, 1904; that Myers violated
his contract by failing to inclose the land with an eight-wire
fence, to build a box house 14 by 16 feet, and failed to break
out the land, and otherwise failed ·to perform same.    Further,
that the contract was terminated by the segregation of same
from allottable lands, as provided by the Choctaw and Chickasha
Treaty with the United States; that Myers and the defendants
had the use of said lands for the years 1893 and 1894, which
use was of the value of $450, which was in excess of the value
of the improvements $310.    She prayed for judgment, as in
her answer, and for the rent of the land.

The· cause was tried to a jury; the plaintiff's testimony
being substantially as the allegations of her complaint and reply.
It was admitted to the jury that defendants and Myers were in
possession of the land from date of contract of Towry and
Myers until the beginning of this action; that they did not
build the box house nor put wire fence around the entire tract.
A contract of settlement between plaintiff and her husband, in
an action pending in said Central district court, by which their
rights to certain property (including the land in controversy)
and the custody of their child was settled, was read in evidence
of date July 27, 1904.    Also, the said contract between Towry
and Myers was read in evidence.    James Davis, a witness on
behalf of plaintiff, was asked: "What was the agreement as
to when the box house mentioned in the contract was to be
built?"    Objection by defendants because it varies the terms
of the contract.    Objection sustained by the court as incompet-
ent, as the fair construction of the contract was that it did not
specify the time within which the house was to be built.    There-
fore the defendants would have, as a matter of law, the entire
term of five years in which to build the house.    Therefore the
contract needed no explanation, and, also, the evidence offered

was hearsay. This action of the court, and the statements made by the court in the presence of the jury, were excepted to by plaintiff. Plaintiff then offered to prove by witness that Myers and Towry made a verbal lease contract in his presence, before it was reduced to writing, by which Myers was to build the house in 1902, and afterwards was verbally extended to summer of 1903. Court held the proof incompetent. Plaintiff then offered to prove by witness the value of the improvements made by defendants and Myers, to show that they had been treated fairly. The court held this incompetent. Other testimony on same line was offered by plaintiff and excluded by the court as incompetent. It was admitted on part of defendants that the rental value of land, as alleged by plaintiff in her reply, was the true value. Plaintiff objected to that going to the jury. Objection overruled by the court.

The plaintiff asked the court to instruct the jury that the segregation of the land in 1903 terminated the lease introduced in evidence, and thereby plaintiff became entitled to the possession of the land until the improvements she had placed on the land had been compensated for by the use of the land, and that the verdict should be for the plaintiff. This the court refused, and the plaintiff excepted. The court instructed the jury orally, in substance: "Plaintiff brings her action for possession of the land in question, which is conceded by both parties to have been segregated as coal land in 1903, and prior to the termination of lease contract in evidence. Under this contract defendants are entitled to hold possession, unless you shall find that they have not substantially complied with the contract, in which case you should find for the plaintiff. If at the time they were dispossessed you find they had substantially complied with the contract, then your verdict should be for defendants; and in such case you should assess the damages of defendants at the sum of $225, being the amount which plaintiff, in her reply filed herein, admits defendants are entitled to re-

cover, if they recover at all." The jury found for the defendants the sum of $225. Plaintiff filed motion for new trial setting forth seven causes therefor, all of which may be considered under two heads: The error of the court in excluding the testimony offered to vary the written lease of Towry to Myers, by showing when the parties intended that the house should be built; and the error of the court in refusing to instruct the jury that the segregation of the land terminated the lease contract, and thereby entitled plaintiff to a verdict and judgment for possession, with damages for two years' occupation by defendants. The motion was overruled, and judgment for possession and for damages was awarded defendants. Plaintiff brings the case here upon error, assigning nine grounds of error, but they may be considered under the same heads which embrace the several grounds set forth in the motion for new trial.

This action is purely possessory, with the incident of damages attached for the detention of the property. In such actions the principle is elementary that the plaintiff must recover upon the strength of his right to possession, and not rely upon the weakness of the adversary right. The burthen is upon the plaintiff, from the start to the close of the case, to show, by the evidence, that she was legally entitled to have and recover the possession of the land in question as against the defendants. It is entirely immaterial for them to offer any proof until the plaintiff shall have, by the weight of evidence, shifted the burthen of defense upon them. Did this, at any stage of the proceeding, arise? Her ground of complaint was that defendants were her tenants; that they were holding under her. This relation was necessary in order to maintain her action of unlawful detainer under the statute. Defendants, answering, expressly deny this relation of landlord and tenant, and as an affirmative defense admit her allegation that she is a Choctaw Indian, and say that she is now holding all the land she is allowed to hold, exclusive of the land in question, and the

claiming and holding of any greater amount—that is, the land in suit—is prohibited by law, and is made a crime. Furthermore, that this land is already segregated from allotment, which absolutely prevents her from getting possession. As a further affirmative defense, defendants say that they entered under a contract with one Towry to improve the land, then part of the public domain, for the term of five years, and to have the use of the same during said term, in consideration of said improvements. Plaintiff replies to this answer and omits to deny its allegation that she is now holding all the land allowed her under the law, and that the land sought to be recovered is segregated and cannot be claimed as an allotment by any Indian. This failure to deny amounts to an admission, under the Code of Procedure in this jurisdiction. The admission of either of these allegations is fatal to her recovery of possession and claim for damages in this action. Therefore the affirmative claim of right to possession by the defendants by virtue of the supposed lease of Towry to them is out of the case and immaterial. It is enough to say that under the pleadings the court would not be authorized to assist the plaintiff in violating an express penal law of the United States by granting to her a writ of possession to the land in dispute. It is sufficient to say that the court will not aid the plaintiff to get possession of the land or to recover damages. She has no legal ground for complaint of the action of the court below. It could have properly instructed the jury to return a verdict for defendants before the close of the evidence.

Judgment affirmed.

GILL, C. J., and TOWNSEND, J., concur.